IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Case No. 5:17-CV-102

| | |
|---|---|
| DENVER GLOBAL PRODUCTS, INC. <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> ROGER LEON, KEITH PIERCY, AND JEANNE HENDRIX, <br><br> Defendants and Counterclaim/ Third Party Plaintiffs, <br><br> v. <br><br> CHONGQING RATO POWER CO., LTD., CHONGQING RATO POWER MANUFACTURING CO., LTD., CHONGQING RATO TECHNOLOGY CO., LTD., ZHU LIEDONG, LARRY QIAN WANG, JIN XIANG, MICHAEL PARKINS, GODWIN LENG, and RATO NORTH AMERICA, INC., <br><br> Third Party Defendants. | NOTICE OF REMOVAL OF ACTION UNDER 9 U.S.C. § 205 |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendants Roger Leon and Keith Piercy hereby remove to this Court the state court action described below.

1. On or about December 30, 2015, an action was commenced by Plaintiff in the General Court of Justice, Superior Court Division, Lincoln County, entitled *Denver Global Products, Inc. v. Roger Leon, Keith Piercy and Jeanne Hendrix*, Case Number 15-CV-01391 ("State Court Action").

2. Defendants Roger Leon and Keith Piercy were served with the summons and Complaint on December 31, 2015.

3. However, the Complaint in this case does not present the grounds for removal, and none of the claims in the Complaint are the basis for removal. The sole ground for removal in this case is a motion to confirm a Chinese arbitration award pursuant to 9 U.S.C. § 201, *et seq.*, that was filed over a year after the original Complaint. The Chinese arbitration award at issue was not obtained until significantly after Plaintiff filed the Complaint.

4. Specifically, on January 11, 2017, Chongqing Rato Power Co., Ltd. ("Rato Power") filed a Motion to Confirm Arbitration Awards and Enter Final Judgment ("Confirmation Motion").[1] Rather than bringing a separate action to confirm arbitration award, Rato Power has attempted to confirm the arbitration award at issue through its Confirmation Motion in the already-pending State Court Action. This case is procedurally unusual, because the proper approach for confirming the arbitration award would have been via a separate action, not via a motion in an already-pending case. As briefed in the State Court Action, which briefing is attached hereto and incorporated by reference, Rato Power and Plaintiff Denver Global Products, Inc. are closely-related parties.

---

[1] For the Court's ease of reference, the Confirmation Motion is attached hereto as **Exhibit A**. The exhibits to, and brief in support of, the Confirmation Motion, are part of the entire case record for the State Court Action, which is attached hereto as **Exhibit B**.

5. Defendants Leon and Piercy seek to remove this action, pursuant to 9 U.S.C. § 205, solely on the basis of the subject matter and relief sought in the Confirmation Motion.

6. Removal to federal court is timely. 9 U.S.C. § 205 states, in relevant part: "Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention [on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958][(the "Convention")] the defendant or the defendants may, ***at any time before trial thereof***, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." (Emphasis supplied.) The typical 30- day limit for removal stated in 28 U.S.C. § 1446 does not apply when cases are removed under 9 U.S.C. § 205. *See, e.g., Sheinberg v. Princess Cruise Lines, Ltd.*, 269 F. Supp. 2d 1349, 1352 (S.D. Fla. 2003). *See also Dale Metals Corp. v. Kiwa Chem. Indus. Co., Ltd.*, 442 F. Supp. 78, 81 (S.D.N.Y. 1977)("Nothing could be plainer than the language of 9 U.S.C. § 205, which plaintiffs have ignored and which, in pertinent part, provides that in cases involving arbitration agreements, 'the defendants may, at any time before the trial thereof, remove' to federal court (there is no dispute that the case was removed before trial). Given an explicit time rule contained in § 205, the notion that the time provision of 28 U.S.C. § 1446(b) applies is totally without merit.").

7. Rato Power expressly based its Confirmation Motion on an arbitration award falling under 9 U.S.C. § 201, *et seq*. and the Convention. According to the Plaintiff and Third-Party Defendants' filings in the State Court Action, the subject matter of the Confirmation Motion relates to an arbitration agreement falling under the Convention, as

3

contemplated in 9 U.S.C. § 205. Trial or any adjudication on the merits has not occurred in this matter. Therefore, the Court has subject matter jurisdiction under 9 U.S.C. §§ 203 and 205, and removal is proper and timely.

8. Federal question jurisdiction is specifically granted to disputes arising under the Convention pursuant to 9 U.S.C. § 203. In addition, 9 U.S.C. § 205 eliminates the requirement for the ground for removal to appear on the face of the complaint. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendant pursuant to the provisions of 9 U.S.C. § 205 and the provisions of 28 U.S.C. § 1441 that are not preempted by 9 U.S.C. § 205.

9. To the extent that consent of all Defendants may otherwise be required under 9 U.S.C. § 205, which is disputed in the case law,[2] consent of all Defendants is not required here.

10. Of the three Defendants, two have expressly consented to removal: Keith Piercy and Roger Leon. The third Defendant, Jeanne Hendrix, is not represented by counsel in the action, has not filed any responsive pleading or participated in the action over the course of its 18-month lifespan, and has had default entered against her. Counsel for Defendants Leon and Piercy have attempted, unsuccessfully, to contact Defendant Hendrix regarding her position on consent to removal.

11. Moreover, "if one defendant's removal petition is premised on removable claims 'separate and independent' from the claims brought against the other

---

[2] *See, e.g., Acosta v. Master Maint. and Const., Inc.*, 52 F. Supp. 2d 699, 709 (M.D. La. 1999).

4

Case 5:17-cv-00102-MOC-DSC   Document 1   Filed 06/15/17   Page 4 of 7

defendants, consent of the other defendants is not required." *Acme Brick Co. v. Agrupacion Exportadora de Maquinaria Ceramica*, 855 F. Supp. 163, 165 (N.D. Tex. 1994)(quoting *Henry v. Independent American Sav. Ass'n.,* 857 F.2d 995, 999 (5th Cir.1988)); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990)("Despite the stringency with which courts interpret removal procedures, however... exceptions to the requirement that all defendants join in or consent to a petition for removal have been recognized [including:] when the removed claim is separate and independent from other aspects of the lawsuit filed in state court as defined by 28 U.S.C. § 1441(c)."

12. Mr. Leon is the only Defendant who is the subject of Rato Power's Confirmation Motion: the basis for removal involves litigation that is exclusively between Mr. Leon and Rato Power relating to confirmation of the Chinese arbitration award, as described in the Confirmation Motion. Therefore, this removal petition is based on removable claims in the Confirmation Motion separate and independent from the claims brought in Denver Global Products' Complaint against the other defendants, and consent of other Defendants is therefore not required.

13. Indeed, rather than remand the entire case, this Court can sever the claims raised in the Confirmation Motion (which exist between Mr. Leon and Rato Power only) from the claims raised in the Complaint, and remand only the claims raised in the Complaint, retaining jurisdiction over the dispute between Rato Power and Leon involving Rato Power's request to confirm the Chinese arbitration award raised in the Confirmation Motion. *See* 28 U.S.C. § 1441(c)("Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).").

WHEREFORE, Defendants pray that this action be removed to the United States District Court for the Western District of North Carolina.

This 15th day of June, 2017.

/s/ William R. Terpening

William R. Terpening
N.C. Bar 36418
Jefferson A. Moors
N.C. Bar 44632

TERPENING WILDER MOORS PLLC

6733 Fairview Road, Suite C
Charlotte, North Carolina 28210
(980) 265-1700
terpening@terpmo.com

*Attorney for Defendants Roger Leon and Keith Piercy*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served upon each of the parties to this action via email and by depositing same in the United States mail, postage prepaid, in envelopes addressed as follows:

>Douglas M. Jarrell
>Robinson, Bradshaw, & Hinson, P.A.
>101 North Tryon Street, Suite 1900
>Charlotte, North Carolina 28246-1900
>
>Richard S. Glaser
>James C. Lesnett, Jr.
>Parker Poe Adams & Bernstein LLP
>Three Wells Fargo Center
>401 South Tryon Street, Suite 3000
>Charlotte, NC 28202
>
>Jeanne Hendrix
>2469 Suwanee Pointe Drive
>Lawrenceville, GA 30043

This 15th day of June, 2017.

>/s/ William R. Terpening
>William R. Terpening