# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
#### CIVIL ACTION NO. 5:17-CV-00102-MOC-DSC

| | |
|---|---|
| **DENVER GLOBAL PRODUCTS, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ROGER LEON, JEANNE HENDRIX AND KEITH PIERCY,** | ) |
| | ) |
| **Defendants and Counterclaim/Third Party Plaintiffs** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CHONGQING RATO POWER CO., LTD., et. al.,** | ) |
| | ) |
| **Third Party Defendants.** | ) |

_____

## MEMORANDUM AND RECOMMENDATIONAND ORDER

**THIS MATTER** is before the Court on the following Motions:

1. "Certain Third-Party Defendants' Motion to Dismiss Defendants Roger Leon and Keith Piercy's Third-Party Claims for Lack of Personal Jurisdiction" (document #20),

2. "Certain Third-Party Defendants' Motion to Dismiss or, Alternatively, Stay and Compel Arbitration of Defendants Roger Leon And Keith Piercy's Third-Party Claims" (document #21),

3. "Plaintiff and Certain Third-Party Defendants' Motion to Dismiss Defendants Roger Leon and Keith Piercy's Counterclaims and Third-Party Claims" (document #22),

4. "Third-Party Defendant Chongqing Rato Power Co., Ltd.'s Motion To Confirm Arbitration Award And Enter Final Judgment" (document #23), and

5. "Third-Party Defendant Michael Parkins' Motion To Dismiss" (document #24), as well as the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that "Third-Party Defendant Chongqing Rato Power Co., Ltd.'s Motion To Confirm Arbitration Award And Enter Final Judgment" (document #23) and "Certain Third-Party Defendants' Motion to Dismiss or, Alternatively, Stay and Compel Arbitration of Defendants Roger Leon And Keith Piercy's Third-Party Claims" (document #21) be granted; that "Certain Third-Party Defendants' Motion to Dismiss Defendants Roger Leon and Keith Piercy's Third-Party Claims for Lack of Personal Jurisdiction" (document #20) and "Plaintiff and Certain Third-Party Defendants' Motion to Dismiss Defendants Roger Leon and Keith Piercy's Counterclaims and Third-Party Claims" (document #22) be denied as moot; and that the Court take no action on "Third-Party Defendant Michael Parkins' Motion To Dismiss" (document #24), and decline supplemental jurisdiction of the remaining state law claims as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Third-Party Defendant Chongqing Rato Power Co., Ltd. ("Rato") is a Chinese company with its headquarters and base of operations in Chongqing, China. Rato and its subsidiaries develop, manufacture and sell general-purpose engines, motorcycles and related products.

- 2 -

In August 2010, Defendant Roger Leon approached Rato with a plan for a new company that would distribute its outdoor power products in the United States. Leon formed Plaintiff Denver Global Products, Inc. ("DGP"), a North Carolina corporation, to operate the new business. Initially, Leon and Third Party Defendant Larry Wang each owned fifty percent of DGP. Through a series of transactions, Rato acquired ownership of DGP from Leon and Wang. Leon served as President of DGP.

These transactions involved an Initial Agreement, followed by a series of contracts referred to by Rato as the Substitute Agreements, including the Joint Venture Agreement and the Equity Agreement. With the assistance of an interpreter and represented by Chinese counsel, Leon negotiated and executed these agreements with Rato in China. Each Substitute Agreement contains an arbitration clause requiring that all disputes related to the Substitute Agreements be arbitrated in China.

On December 30, 2015, DGP filed this lawsuit in the North Carolina Business Court alleging that Defendants embezzled its funds and made unauthorized payments to key employees to induce them to resign. DGP and Defendants Leon and Piercy are North Carolina residents.

Defendants responded with twelve counterclaims as well as third party claims against Rato, Wang and some of Rato's Chinese-based affiliates, officers and directors (collectively referred to as Rato Third Party Defendants). Defendants also pled third party claims against Michael Parkins, DGP's former Chief Financial Officer. All of the parties' claims arise under state law.

While the lawsuit was pending in the Business Court, the Rato Third Party Defendants filed a Motion to Compel Arbitration seeking to arbitrate all but two of Defendants' counterclaims and third party claims against them. Rato Third Party Defendants do not seek arbitration of

Defendant Piercy's claims for tortious interference with a release agreement and negligent infliction of emotional distress.

Defendants opposed the Motion to Compel Arbitration, asserting that the Substitute Agreements' arbitration provisions are invalid.

Rato responded by commencing two arbitration proceedings before the Chongqing Arbitration Commission, seeking declaratory judgments that the Substitute Agreements' arbitration provisions are valid as to Leon. Defendants received a copy of Rato's arbitration demands in August 2016, and the arbitration proceedings were held on October 31, 2016.

Defendants have never moved to enjoin the arbitration proceedings. Nor did they make an appearance in the arbitration proceedings, much less request the Commission to stay the arbitration in deference to the pending Motion to Compel.

On November 9, 2016, the Commission issued awards in Rato's favor. The Commission made factual findings and concluded that the Joint Venture Agreement and the Equity Agreement reflected "the genuine intentions of [Leon]" and that both agreements were "lawful and valid." The Commission based this conclusion on evidence presented at the arbitration showing that Leon "not only had knowledge of the agreements, but translated them", had thoroughly discussed them, and hired a "professional attorney to review" them. Evidence presented included a September 23, 2014 letter sent by Leon's Chinese counsel specifically acknowledging Leon's execution of the Equity Agreement and the Joint Venture Agreement and claiming rights under them. The Commission concluded that "there is no fraud, coercion, material misunderstanding, obvious unfairness or any other situation that would affect the effectiveness" of the Joint Venture Agreement or the Equity Agreement.

On January 11, 2017, Rato filed its Motion to Confirm Arbitration Awards and Enter Final Judgment. This Motion is brought pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("the Convention").

On June 15, 2017, Defendants Leon and Piercy removed the state court action to the United States District Court for the Western District of North Carolina. Removal was based solely upon 9 U.S.C. § 205 which provides "Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award <u>falling under the Convention</u> the defendant or the defendants may, <u>at any time before trial thereof</u>, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." (emphasis supplied.)

On April 6, 2018, this Court ordered Third Party Defendant Rato and Defendants/Third Party Plaintiffs Leon and Piercy to file supplemental briefs addressing whether a party may proceed to arbitration while a motion to compel arbitration is pending and whether the pending Motion to Compel Arbitration (document #21) and the arbitration proceedings before the Chongqing Arbitration Commission involved separate claims. <u>See</u> "Order" (document #43). On May 7, 2018, these parties filed their Supplemental Briefs (documents ##44 and 45).

## II. <u>DISCUSSION</u>

### A. <u>Motion to Confirm Arbitration Awards</u>

United States courts enforce foreign arbitration provisions—like the ones in the Substitute Agreements—under this country's treaty obligations. In 1970, the United States entered into the Convention "to encourage the recognition and enforcement of commercial arbitration agreements in international contracts." <u>Scherk v. Alberto-Culver Co.</u>, 417 U.S. 506, 520 n.15 (1974). Congress ratified the Convention treaty and codified its directives at 9 U.S.C. §§ 201-208. <u>Aggarao v. MOL</u>

<u>Ship Mgmt. Co.</u>, 675 F.3d 355, 366 & n.10 (4th Cir. 2012). Section 207 allows parties to an arbitration covered by the Convention to seek confirmation of an award in the United States District Court.

The Fourth Circuit has clarified that judicial review of an arbitration award is "among the narrowest known at law." <u>AO Techsnabexport v. Globe Nuclear Servs. & Supply GNSS</u>, Ltd., 404 F. App'x 793, 797 (4th Cir. 2010). Broad judicial scrutiny of such awards would undercut the benefits of arbitration—namely, avoiding the expense and delays of litigation. <u>Id.</u> Upon a request for confirmation of an award, the court "may determine only whether the arbitrators acted within the scope of their authority, and may not consider whether the arbitrators acted correctly or reasonably." As this Court has put it, "the award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." <u>Ronald Barranco & Print3D Corp. v. 3D Sys. Corp.</u>, No. 314CV00188RJCDSC, 2016 WL 4546449, at *2 (W.D.N.C. Aug. 31, 2016) (internal citations and quotation marks omitted) (Conrad, J.), <u>appeal docketed</u>, No. 17-1744 (4th Cir. 2017).

This narrow review equally applies to arbitration awards under the Convention. "Given the strong public policy in favor of international arbitration, review of arbitral awards under the . . . Convention is very limited in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." <u>Blackwater Sec. Consulting, LLC v. Nordan</u>, No. 2:06-CV-49-F, 2011 WL 237840, at *11 (E.D.N.C. Jan. 21, 2011) (quoting <u>Telenor Mobile Commc'ns AS v. Storm LLC</u>, 584 F.3d 396, 405 (2d Cir. 2009)). Thus, courts may deny confirmation of an award "only if one of the seven grounds for refusal specified in [Article V of] the Convention" applies.[1] <u>Id.</u>

_____

[1] The seven grounds are:

Courts apply the Article V defenses strictly. China Minmetals Materials Imp. & Exp. Co. v. Chi Mei Corp., 334 F.3d 274, 283 (3d Cir. 2003). The burden of proof falls on the party opposing confirmation of an arbitration award. Blackwater, 2011 WL 237840, at *10. This burden "is a heavy one, as the showing required to avoid summary confirmance is high." Telenor Mobile, 584 F.3d at 405 (citation omitted).

Defendants contend that it was improper for Rato to commence the arbitration proceeding in China while the Motion to Compel Arbitration was still pending here. In BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463 (4th Cir. 2018), the Fourth Circuit addressed parallel proceedings in United States and foreign jurisdictions. The BAE case involved an American defense contractor's dispute with the Republic of Korea over an agreement to upgrade its fighter jets. The defense contractor filed an action in the District of Maryland for a declaratory judgment that it had not breached its contractual obligations. Korea filed a mirroring lawsuit in a Korean court asserting affirmative claims against the contractor that raised "essentially the same issues." Id. at 469. The District Court denied the contractor's request

---

(a) The parties to the agreement . . . were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made;

(b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case;

(c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or

(d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

(e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the laws of which, that award was made; or

(f) The subject matter of the conflict is not capable of settlement by arbitration in the country in which enforcement is sought; or

(g) Recognition and enforcement of the award would violate the public policy of that country.

Bayer CropScience AG v. Dow AgroSciences LLC, No. 2:12CV47, 2016 WL 205378, at *4–5 (E.D. Va. Jan. 15, 2016), aff'd, 680 F. App'x 985 (Fed. Cir. 2017).

for a permanent injunction prohibiting Korea from litigating its action in a Korean court. Id. at 479.

The Fourth Circuit affirmed, joining other circuit courts in observing that "parallel proceedings are common" and that United States courts should use their power to enjoin parties from proceeding with foreign lawsuits "sparingly." Id. at 479–80 (citing Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 881 (9th Cir. 2012)); see also, e.g., China Trade & Dev. Corp. v. M.V. Choong Yong, 837 F.2d 33, 35-36 (2d Cir. 1987); Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 157 (3d Cir. 2001). In part, this is because "international comity [is] a significant consideration" in these types of proceedings. BAE, 884 F.3d at 479. As the Second Circuit explained, "[s]ince parallel proceedings are ordinarily tolerable, the initiation before a foreign court of a suit concerning same parties and issue as suit already pending in a United States court, does not, without more, justify enjoining a party from proceeding in the foreign forum." China Trade, 837 F.2d at 36. Otherwise, an injunction of parallel foreign proceedings would be "commonplace rather than extraordinary." BAE, 884 F.3d at 480.

It is clear that the party opposing a parallel proceeding cannot simply rest on its participation in the lawsuit here. That party has the burden of opposing the foreign proceeding – typically by moving for an injunction in either or both actions. Accord BAE, 884 F.3d at 479–80; Microsoft Corp. v. Motorola, Inc., 696 F.3d at 881; China Trade & Dev. Corp., 837 F.2d at 35-36; Deutz AG, 270 F.3d at 157.

Here, although Defendants continued to participate in this litigation before the Business Court, they took no action in either proceeding to oppose the arbitration in China. The Commission served Defendants with English-translated copies of Rato's arbitration demands on August 16, 2016. The record is clear that Defendants understood those demands. Defendants never sought to

enjoin the arbitration proceedings or otherwise complain about their timing. Defendants never moved the Commission to stay its proceedings until the Motion to Compel was resolved here.

Defendants also argue that their lack of sophistication compared to Rato in international business combined with Leon's health issues excuses their failure to oppose the foreign arbitration proceeding.   To the contrary, the record reveals that Leon was a sophisticated businessman knowingly engaging in an international transaction.   Leon also retained Chinese counsel who advised him concerning the contracts.   Finally, the record shows that even during Leon's illness, Defendants continued to participate in the lawsuit here including prosecuting their counterclaims and third party claims.

To the extent that Defendants could have opposed the parallel arbitration proceeding, they simply failed to do so.    Defendants have failed to carry their burden to show why the arbitration awards should not be confirmed under the Convention.    Accordingly, the undersigned respectfully recommends that Rato's Motion to Confirm Arbitration Awards and Enter Final Judgment be granted.

### B.  <u>Motion to Confirm Arbitration Awards</u>

Leon is bound by the arbitration provisions contained in the contracts he signed. Defendants are also obligated to arbitrate their counterclaims and third party claims against the Rato parties, with the exception of Piercy's two separate claims. As discussed above, Defendants' arguments as to their lack of sophistication and Defendant Leon's health are not persuasive. It is clear that Leon understood the contents of the contracts and was advised by Chinese counsel. Accordingly, the undersigned respectfully recommends that the Motion to Compel Arbitration be granted.

### C. **Motions to Dismiss**

"Certain Third-Party Defendants' Motion to Dismiss Defendants Roger Leon and Keith Piercy's Third-Party Claims for Lack of Personal Jurisdiction" (document #20) and "Plaintiff and Certain Third-Party Defendants' Motion to Dismiss Defendants Roger Leon and Keith Piercy's Counterclaims and Third-Party Claims" (document #22) were pled in the alternative to the Motions concerning arbitration discussed above. Accordingly, the undersigned respectfully recommends that these Motions to Dismiss be <u>denied as moot without prejudice</u> to the parties' rights to raise any relevant issues in the arbitration proceeding.

Finally, the only basis for federal subject matter jurisdiction in this case arose from the Motion to Confirm Arbitration Awards. There are no other pending federal claims. District Courts may decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3); <u>Shanaghan v. Cahill</u>, 58 F.3d 106, 110 (4th Cir. 1995) (under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished") (citing <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988)). Declining supplemental jurisdiction where all federal claims have been dismissed is consistent with the general principle that federal jurisdiction is limited. <u>Chesapeake Ranch Water Co. v. Board of Com'rs of Calvert County</u>, 401 F.3d 274, 277 (4th Cir. 2005) (having dismissed federal claims, district court properly declined supplemental jurisdiction of state claims). See also <u>Mercer v. Duke University</u>, 401 F.3d 199, 202 (4th Cir. 2005); <u>Pineville Real Estate Operation Corp. v. Michael</u>, 32 F.3d 88, 90 (4th Cir. 1994).

"[I]t is well-settled that a district court's power to remand pendent state claims to state court is inherent in statutory authorization to decline supplemental jurisdiction under § 1367(c)." <u>Battle v. Seibels Bruce Ins. Co.</u>, 288 F.3d 596, 606 (4th Cir. 2002) (citing <u>Hinson v. Norwest Fin. S.C.</u>,

Inc., 239 F.3d 611, 617 (4th Cir. 2001) (noting that circuit courts of appeal unanimously hold that power to remand is inherent in § 1367(c)).

For those reasons, the undersigned respectfully recommends that the Court decline supplemental jurisdiction over Plaintiff's claims, Defendant Piercy's two remaining counterclaims/third party claims against the Rato parties, and the third party claims against Michael Parkins, all of which arise under state law.

## III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. "Third-Party Defendant Chongqing Rato Power Co., Ltd.'s Motion To Confirm Arbitration Award And Enter Final Judgment" (document #23) and "Certain Third-Party Defendants' Motion to Dismiss or, Alternatively, Stay and Compel Arbitration of Defendants Roger Leon And Keith Piercy's Third-Party Claims" (document #21) be **GRANTED**,

2. "Certain Third-Party Defendants' Motion to Dismiss Defendants Roger Leon and Keith Piercy's Third-Party Claims for Lack of Personal Jurisdiction" (document #20) and "Plaintiff and Certain Third-Party Defendants' Motion to Dismiss Defendants Roger Leon and Keith Piercy's Counterclaims and Third-Party Claims" (document #22) be **DENIED AS MOOT**, and that

- 11 -

**3.** The Court **DECLINE** supplemental jurisdiction of Plaintiff's claims, Defendant Piercy's remaining counterclaims/third-party claims against the Rato parties, and the third-party claims against Michael Parkins, and remand those claims, including "Third-Party Defendant Michael Parkins' Motion To Dismiss" (document #24), to the North Carolina Business Court.

## V.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same.  Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel, and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: June 11, 2018

David S. Cayer
United States Magistrate Judge