UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-00102-MOC-DSC

| | | |
|---|---|---|
| **DENVER GLOBAL PRODUCTS, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ROGER LEON,** | ) | |
| **JEANNE HENDRIX,** | ) | |
| **KEITH PIERCY,** | ) | |
| | ) | |
| Defendants, | ) | |
| Vs. | ) | |
| | ) | |
| **CHONGQING RATO POWER CO., LTD., et. al.,** | ) | |
| | ) | |
| Third Party Defendants. | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days all in accordance with 28 U.S.C. § 636(b)(1)(c). Objections have been filed within the time allowed.

**I.  Applicable Standard**

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal

1

issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## II. Discussion

The Court has given careful consideration to each Objection and conducted a *de novo* review as warranted. Defendants Roger J. Leon and Keith Piercy have filed "Objections to Memorandum and Recommendation and Order" (#47). Plaintiff and certain third-party defendants have filed a "Response to Defendant Roger J. Leon and Keith Piercy's Objections to Memorandum and Recommendation and Order" (#48). The court will consider defendants' objections below.

### A. Objection to the Applicable Standard

First, the court will consider defendants' objection to the standard applied in the Memorandum and Recommendation. Relevant factual disputes concerning a motion to compel arbitration generally should be evaluated similarly to a motion for summary judgment. Chorley v. Enters., Inc. v. Dickey's Barbecue Rests., Inc., 807 F.3d 553, 564 (4th Cir. 2015). Thus, a motion to compel arbitration should be granted "if the movant

2

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Forshaw Indus., Inc. v. Insurco, Ltd., 2 F. Supp. 3d 772, 785 (W.D.N.C. 2014) (quoting Fed. R. Civ. P. 56(a)).

Turning to defendants' objections, defendants first contend that the magistrate judge applied the wrong standard to the factual findings. Defendants argue that since the formation and validity of the arbitration agreement are disputed, and the parties have introduced documents outside the pleadings, there is a genuine issue of whether there is a valid agreement to arbitrate in this case. However, no genuine dispute of fact exists merely because parties introduced documents outside the pleadings. After reviewing the documents and the evidence, Judge Cayer found no genuine disputes as to any material fact concerning Leon's assent to the Substitute Agreements and their terms. Nothing suggests that Judge Cayer failed to use the appropriate standard of review to evaluate the Motion to Compel. As such, this objection is overruled.

### B. Objections to Factual Findings

Further, defendants attempt to create disputed facts to support their previous objection regarding the applicable standard. Specifically, defendants contend, contrary to Judge Cayer's findings, that Leon (1) did not have the benefit of Chinese counsel when he signed the Substitute Agreements, (2) did not have the benefit of an honest interpreter, (3) was too sick to respond to the arbitration proceedings, and (4) did not have financial means for Chinese arbitration. The court will consider these objections below.

Defendants' first factual argument is that, contrary to the Memorandum and Recommendation, Leon did not have the benefit of Chinese counsel when he signed the

Substitute Agreements. However, Leon admits to hiring Chinese counsel to make demands to Rato Manufacturing "based on the contents of the Substitute Agreements." 4th Leon Aff. ¶ 3 (D.E. 20-17). Leon's Chinese counsel sent a demand letter to Rato Manufacturing acknowledging that "Leon entered into an equity transfer agreement and an equity joint venture contact with the then shareholders of [Rato Manufacturing] … in November 2012." 2nd Zhu. Aff. ¶ 8 & Ex. A (D.E. 21-9). Hence, Defendants are simply wrong as to the first factual contention.

Next, defendants argue that Leon in fact did not have the benefit of an honest interpreter. Defendants never argue that Leon did not have *an* interpreter. Rather, they stress the characterization of whether the interpreter was "honest." Defendants state "no translator ever *accurately* explained the Chinese documents to [Leon]." 1st Leon Aff. ¶ 58 (D.E. 20-11) (emphasis added). There is nothing in the record to explain why defendants think – many years later – that the translator may not have been honest. Additionally, multiple parties have attested that "Leon was provided explanations of the Substitute Agreements and their provisions through the assistance of an interpreter." 1st Zhu Aff. ¶ 23 (D.E. 20-1); 1st Wang Aff. ¶ 17 (D.E. 20-5). This factual objection is overruled.

Additionally, defendants argue Leon was too sick to respond to the arbitration proceedings because he was "close to dead." The doctors' letters that defendants have relied on to support this contention advised only that litigation deadlines be extended to mid-July 2016 because of Leon's recovery. Def. Resp. Br. at Ex. C (D.E. 34). Defendants filed numerous responses to Rato Parties' pending motions and Leon filed an affidavit (signed on July 31) in support of those responses. See 1st Leon Aff. (D.E. 20-11).

4

Subsequently, Leon signed two more affidavits in October, just weeks before the arbitration proceedings in China. See 2nd Leon Aff. (D.E. 20-12); 3rd Leon Aff. (D.E. 1-5 at p. 108). Despite filing motions, affidavits, and reports, Leon never requested any accommodations to participate remotely in the proceedings, or any attempts to delay the proceedings due to illness.

Under applicable case law, Leon's opportunity to hire Chinese counsel to represent him in the arbitration proceedings, or otherwise request remote participation, forecloses his defense under the New York Convention of being "unable to present" his case. See Sherk v. Alberto-Culver Co., 417 U.S. 506, 520 (1974) (noting that in 1970, the United States entered into the New York Convention "to encourage the recognition and enforcement of commercial arbitration agreements in international contracts); Aggarao v. MOL Ship Mgmt. Co., 675 F.3d 355, 366 (4th Cir. 2012) (Congress ratified the Convention treaty and codified its directives at 9 U.S.C. §§ 201-08); Blackwater Sec. Consulting, LLC v. Nordan, No. 2:06-CV-49-F, 2011 WL 237840, at *11 (E.D.N.C. Jan. 21, 2011) (quoting Telenor Mobile Commc'ns AS v. Storm LLC, 584 F.3d 396, 405 (2d Cir. 2009)) (courts may deny confirmation of an [arbitration] award "only if one of the seven grounds for refusal specified in [Article V of] the Convention" applies); Bayer CropScience AG v. Dow AgroSciences LLC, No. 2:12CV47, 2016 WL 205378, at *4-5 (E.D. Va. Jan. 15, 2016), aff'd, 680 F. App'x 985 (Fed. Cir. 2017) (one of the seven grounds is if the "party against whom the award is invoked . . . was unable to present his case."); Research & Dev. Ctr. "Tepleonergetika," LLC v. EP Int'l, LLC, 182 F. Supp. 3d 556, 565-66 (E.D. Va. 2016) ("When a party asserts that its physical presence at arbitration is prevented, it is generally

unable to prevail on such a[n unable to present] defense if there are available alternative means of presenting its case.") Rive v. Briggs of Cancun, Inc. 82 F. App'x 359, 364 (5th Cir. 2003) (a party that feared being arrested in Mexico if he traveled there for an arbitration proceeding was not "unable to present" his case because he could have "simply sent an attorney" to represent him at the proceedings). For these reasons, defendants' factual objection based on Leon's health is overruled.

Defendants also contend that the costs of arbitrating in China rendered Leon unable to present his case. Bayer CropScience AG, No. 2:12CV47, 2016 WL 205378, at *4-5, aff'd, 680 F. App'x 985 (Fed. Cir. 2017) (one of the seven grounds of denial of an award is if the "party against whom the award is invoked . . . was unable to present his case"). However, a party must provide "individualized evidence that they likely will face prohibitive costs in the arbitration at issue and that they are financially incapable of meeting those costs" to prevail on an argument that the costs of arbitration should preclude enforcement of an arbitration provision. Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp., No. 2:12-CV-114-KS-MTP, 2012 WL 12863150, at *14 (S.D. Miss. Oct. 24, 2012) (internal quotation marks omitted), aff'd, 748 F.3d 249 (5th Cir. 2014) (holding plaintiffs' "affidavits in which they broadly claim that their business would be unable to pay travel costs for themselves, witnesses, and their attorney" for arbitration were insufficiently specific to meet their burden under the defense). Leon's affidavits offer no other evidence of his financial resources and fail to even specify how much retaining Chinese counsel for the arbitration proceedings would have cost him. Defendant's objections based on Leon's lack of financial resources are overruled.

In sum, all of defendants' factual objections are overruled. Since there are no material facts in dispute, this further supports the overruling of defendants' previous objection as to the applicable standard.

### C. Objections to Legal Conclusions

Defendants' next objections are to "all legal conclusions." Particularly, defendants object to the legal conclusions of both the motion to compel and the motion to confirm. The court will consider these objections below.

#### i. Motion to Compel

Defendants argue Judge Cayer did not state the reasons for granting the Motion to Compel. Defendants cite Federal Rule of Civil Procedure 56, asserting that the court must "state on the record the reasons for granting or denying the summary judgment motion." Even though relevant factual disputes concerning a motion to compel arbitration generally should be evaluated similarly to a motion for summary judgment, Chorley, 807 F.3d at 564, neither party motioned for summary judgment in this case. Defendants are incorrect in their assertion that Rule 56 must be thoroughly applied to this case.

Even if Rule 56 did apply – which it does not – Judge Cayer did in fact state reasons for recommending the Motion to Compel be granted. For example, Judge Cayer noted, while citing to AO Techsnabexport v. Global Nuclear Servs. & Supply GNSS Ltd., 404 F. App'x 793, 797 *(4th Cir. 2010), that the "Fourth Circuit has clarified that judicial review of an arbitration award is 'among the narrowest at law.'" Judge Cayer further clarified that this court has stated "the award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." Ronald

7

Barranco & Print3D Corp. v. 3D Sys. Corp., No. 3:14CV00188 RJC-DSC, 2016 WL 4546449, at *2 (W.D.N.C. Aug. 31, 2016) (internal citations and quotation marks omitted) (Conrad, J.), appeal docketed, No. 17-1744 (4th Cir. 2017). Additionally, Judge Cayer discusses the facts of the case, and the New York Convention's application. As such, defendants' objection to the legal conclusion of the Motion to Compel is overruled.

### ii. Motion to Confirm

Defendants' objections to the legal conclusion of the motion to confirm includes the same arguments as the factual arguments discussed above. For the reasons set out above, defendants' objection to the legal conclusion of the motion to confirm is overruled.

### D. Objection to Failure of the Memorandum and Recommendation to Specify Which Parties Must Arbitrate

Additionally, defendants object to the failure of the Memorandum and Recommendation to specify which parties must arbitrate. However, Judge Cayer need not have specified which parties were compelled to arbitrate because he recommended granting *the entire* motion to compel. That motion and the supporting brief clearly described the scope of the claims to be arbitrated. Defendants objection is overruled.

## II. Conclusion

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#46) is **AFFIRMED,** "Third-Party Defendant Chongqing Rato Power Co., Ltd.'s Motion To Confirm Arbitration Award And Enter Final Judgment" (#23) and "Certain Third-Party Defendants' Motion to Dismiss or, Alternatively, Stay and Compel Arbitration of Defendants Roger Leon And Keith Piercy's Third-Party Claims" (#21) are **GRANTED.** "Certain Third-Party Defendants' Motion to Dismiss Defendants Roger Leon and Keith Piercy's Third-Party Claims for Lack of Personal Jurisdiction" (document #20) and "Plaintiff and Certain Third-Party Defendants' Motion to Dismiss Defendants Roger Leon and Keith Piercy's Counterclaims and Third-Party Claims" (#22) are **DENIED AS MOOT**.

The Court **DECLINES** supplemental jurisdiction of plaintiff's claims, defendant Piercy's remaining counterclaims/third-party claims against the Rato parties, and the third-party claims against Michael Parkins, and remand those claims, including "Third-Party Defendant Michael Parkins' Motion To Dismiss" (#24), to the North Carolina Business Court.

Signed: July 16, 2018



Max O. Cogburn Jr
United States District Judge