**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION**

**Case No. 5:17-cv-00102**

| | |
|---|---|
| **DENVER GLOBAL PRODUCTS, INC.**<br><br>     **Plaintiff,**<br><br>  **v.**<br><br>**ROGER LEON, KEITH PIERCY, and JEANNE HENDRIX**<br><br>    **Defendants and Counterclaim/Third Party Plaintiffs,**<br><br>  **v.**<br><br>**CHONGQING RATO POWER CO., LTD., CHONGQING RATO POWER MANUFACTURING CO., LTD., CHONGQING RATO TECHNOLOGY CO., LTD., ZHU LIEDONG, LARRY QIAN WANG, JIN XIANG, MICHAEL PARKINS, GODWIN LENG, and RATO NORTH AMERICA, INC.**<br><br>    **Third Party Defendants.** | **MOTION TO STAY PROCEEDINGS TO ENFORCE JUDGMENT** |

Pursuant to Federal Rule of Civil Procedure 62(d), defendants Roger Leon and Keith Piercy, by and through undersigned counsel, and respectfully requests this Honorable Court to enter an Order (1) staying execution of final judgment, (Doc. No. 49), entered on July 16, 2018, pending disposition of their appeal, and (2) accept as appropriate security for the judgment a bond in the amount of $330,00.00. In support of this Motion, Messrs. Leon and Piercy offer the following:

1.     This Court granted the plaintiff's motion to confirm an arbitration award on July 16, 2018 (Doc. No. 49).

2.     On July 25, 2018, Messrs. Leon and Piercy timely filed a Notice of Appeal (Doc. No. 51).

3.     Messrs. Leon and Piercy have, in good faith, conferred with the plaintiff's counsel to negotiate means by which Messrs. Leon and Piercy could secure the judgment and thereby stay enforcement of the judgment pending appeal, but the parties have unfortunately been unable to reach an agreement on this matter.

4.     Fed. R. Civ. P. 62(d) provides that an "appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after the filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."

5.     "Rule 62 entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond." *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (per curiam). *See also Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 526 (7th Cir. 1982). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). *See also Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979) (holding that the policy behind supersedeas bond is to preserve "the status quo while protecting the non-appealing party's rights pending appeal").

6.     Messrs. Leon and Piercy have secured a bond in the amount of $330,000.00, which covers the amount of the final judgment plus 18 months' interest.

WHEREFORE, Messrs. Leon and Piercy respectfully request this Court grant this Motion and enter an Order under Fed. R. Civ. P. 62(d): (1) staying the proceedings and any efforts by the

plaintiff to enforce the judgment, and (2) accepting Messrs. Leon and Piercy's bond in the amount

of $330,000.00.

Respectfully submitted, this 17th day of October, 2018.

/s/ William R. Terpening

William R. Terpening
N.C. Bar 36418

TERPENING LAW PLLC
5950 Fairview Road, Suite 808
Charlotte, North Carolina 28210
(980) 265-1700
terpening@terpeninglaw.com

*Attorney for Roger Leon and Keith Piercy*

## CERTIFICATE OF SERVICE

I certify that I have filed this MOTION TO STAY PROCEEDINGS TO ENFORCE JUDGMENT through the Court's ECF system, which constitutes service on all parties.

Dated: October 17, 2018.

/s/ William R. Terpening