UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-00102-MOC-DSC

| | | |
|---|---|---|
| **DENVER GLOBAL PRODUCTS, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ROGER LEON,** | ) | |
| **JEANNE HENDRIX,** | ) | |
| **KEITH PIERCY,** | ) | |
| | ) | |
| Defendants, | ) | |
| Vs. | ) | |
| | ) | |
| **CHONGQING RATO POWER CO., LTD., et. al.,** | ) | |
| | ) | |
| | ) | |
| Third Party Defendants. | ) | |

This matter is before the Court on a Motion for Bond Reduction, filed by Roger Leon and Keith Percy. (Doc. No. 64).

### I.  BACKGROUND

On July 16, 2018, this Court entered a final judgment in this case. (Doc. No. 50). That judgment included a monetary judgment in favor of Rato Power and against Roger Leon in accordance with this Court's Order issued the same day granting Rato Power's Motion to Confirm Arbitration Award and Enter Final Judgment. (Doc. No. 49). The Rato Parties filed the judgment with the Clerk of Superior Court for Lincoln County pursuant to 28 U.S.C. § 1962 and N.C. GEN. STAT. § 1-237, which created a judicial lien on Leon's personal residence in Lincoln County.

Defendants Roger Leon and Keith Percy appealed the final judgment and later moved to stay its enforcement pending the appeal. (Doc. Nos. 51, 61). Defendants provided a supersedeas bond for the full amount of the judgment. (Doc. No. 62). On November 13, 2018, this Court granted the motion to stay. (Doc. No. 63).

In their pending motion for bond reduction, Defendants now request that the supersedeas bond be reduced to either $0, or to $150,000. Defendants explain in their motion that the $300,000 supersedeas bond imposes an undue financial burden on Defendant Leon because Leon relied on a $150,000 personal loan to meet the bond, and the lender now seeks to have the money returned.[1] Defendants also contend that if this Court reduces the bond Plaintiff's interests will be sufficiently protected because a judicial lien has been imposed on Mr. Leon's personal residence, securing Plaintiffs if they prevail in this case. Defendants have submitted exhibits to their Reply brief, showing that Mr. Leon's residence has a tax value of around $850,000, and that Mr. Leon owes about $330,000 on the mortgage. Defendants contend, therefore, there is plenty of equity in the residence to satisfy Plaintiffs' judgment if Plaintiffs prevail on appeal. Plaintiffs oppose the motion to reduce bond.[2] The Court will deny Defendants' motion for the reasons given by Plaintiffs in their opposing brief and for additional reasons stated below.

---

[1] Plaintiffs contend in their opposing brief that Defendants' bare assertions contradict representations Leon's counsel made to Rato Power's counsel to convince the Rato Parties to consent to the motion to stay enforcement of the judgment. Plaintiffs have attached as an exhibit an email in which Leon's counsel represented that Leon's new business venture "has contracts with retailers, such as Lowe's and Home Depot, to sell electric-powered riding mowers. The products are scheduled to reach the marketplace in thirty to forty days. At that time, the business will start seeing a stream of revenue. . . . I can assure you that Mr. Leon has nonliquid assets to help secure any potential judgment collection." See (Doc. No. 65-1, attached as Pl's. Ex. A). Plaintiffs argue that Leon cannot claim impoverishment now, when weeks before he touted his new business's prospects and substantial assets. The email also reveals that the "lender" of the $150,000 was a "friend, who is now expecting his money back."

[2] Certain third-party Defendants have also joined in opposing the motion, but for simplicity the Court refers to all opposing parties here as "Plaintiffs."

## II. DISCUSSION

Rule 62 of the Federal Rules of Civil Procedures governs supersedeas bonds. Since this Court granted Defendants' motion to stay enforcement of the judgment, Rule 62 has been reworded. The old Rule 62(d) provided that an appellant "may obtain a stay [of the judgment] by supersedeas bond" during the pendency of an appeal. Under the new Rule 62(b), which took effect on December 1, 2018, "a party may obtain a stay by providing a bond or other security." This rewording clarified what case law, including from this Court, had already established under the old Rule 62—courts have the discretion to stay proceedings with an alternate security other than a supersedeas bond. See Barranco v. 3D Sys. Corp., No. 314CV00188RJCDSC, 2017 WL 3174948, at *1 (W.D.N.C. July 26, 2017) ("In the alternative to a full supersedeas bond and associated stay as a matter of right, courts have discretion to grant a stay of execution absent a supersedeas bond or with a lesser or alternate security."). Under either formulation of Rule 62, the rule's underlying purpose remains the same: "to preserve the status quo while protecting the non appealing party's rights pending appeal." Legacy Data Access, Inc. v. Cadrillion, LLC, No. 3:15-CV-0163-FDW-DCK, 2017 WL 3725216, at *1 (W.D.N.C. Aug. 29, 2017).

Waiving the full bond requirement "is the rare case," however, and should only be allowed in "extraordinary circumstances." Barranco, 2017 WL 3174948, at *1. Further, Defendants bear the burden to prove that a full bond should not be required to stay enforcement proceedings. Legacy Data Access, 2017 WL 3725216, at *1; see also Live Face on Web, LLC v. Integrity Sols. Grp., Inc., No. 16-CV-01627-CMA-STV, 2018 WL 6415383, at *3 (D. Colo. Dec. 6, 2018) ("The burden is on the stay applicant to objectively demonstrate the reasons for such a departure from the usual requirement of a full supersedeas bond.") (citations and quotation marks omitted).

This Court has recognized that a full bond may not be necessary in either of two circumstances: (i) when the judgment debtor can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal, and (ii) when the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden. Barranco, 2017 WL 3174948, at *1.

This Court finds that Defendants have failed to meet their burden to establish the "extraordinary circumstances" required to deviate from the standard, full supersedeas bond. As noted, Defendants first argue that the current bond "imposes an undue financial burden" because Leon borrowed $150,000 to secure the bond, and the lender now wants the loan repaid. As Plaintiffs point out in their brief, however, Defendants never disclosed this circumstance in their original motion to stay enforcement. Nor did they inform Plaintiffs that they would need to seek to reduce the bond only six months after it was issued and well before any appeal could be resolved. Plaintiffs argue in their opposition brief that, had this been disclosed, the Rato Parties would have opposed the motion to stay.

Next, as for Defendants' second argument for reducing the supersedeas bond—that Rato Power's judicial lien on Leon's home is adequate to secure enforcement of the judgment—this Court finds that reducing the bond would place Plaintiffs at risk of not being able to collect on the full judgment, or having to enforcing the judgment through foreclosing on Rato Power's judicial lien, which would be a much more complex and cumbersome process than satisfying the judgment through the supersedeas bond currently in place. See N.C. GEN. STAT. § 1-339.41 et seq. (establishing process for execution sales of judgment debtor's property). Courts consider the complexity and length of the collection process when assessing an appellant's proposed alternative security to a full supersedeas bond. See, e.g., Dillon v. City of Chicago, 866 F.2d

902, 904 (7th Cir. 1988); CapitalSource Fin. LLC v. Pittsfield Weaving Co., No. CIV.A.AW-06-2028, 2008 WL 3850385, at *2 (D. Md. Mar. 7, 2008); Se. Booksellers Ass'n v. McMaster, 233 F.R.D. 456, 459-60 (D.S.C. 2006). Faced with similar proposed alternatives, courts have rejected a judgment creditor's lien on real property as a suitable alternative to the "full and fast relief" offered by a supersedeas bond because of the lengthy and burdensome process required to enforce the lien through an execution sale of the property. Sierra Club v. El Paso Gold Mines, Inc., No. CIV.A.01 PC 2163 OES, 2003 WL 25265871, at *9 (D. Colo. Apr. 21, 2003) ("Moreover, the collection process proposed by defendant is cumbersome because the [judgment creditor] would be forced to conduct a sheriff's sale of the real property to satisfy the judgment. In contrast, a supersedeas bond provides full and fast relief.").

In sum, this Court finds that allowing the reduction of the supersedeas bond for the proposed alternative security would be unfair to Plaintiffs, who did nothing to create the situation Defendants find themselves in—that Leon took out a loan that required repayment within six months, when it was surely obvious to the parties and counsel that resolution of the appeal within that time period was highly unlikely. The Court will therefore require that the full supersedeas bond remain in place to continue staying enforcement of the judgment.

It is **THEREFORE ORDERED** that the Motion for Bond Reduction, (Doc. No. 64), is **DENIED**.

Signed: May 9, 2019



Max O. Cogburn Jr.
United States District Judge