UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-102-MOC-DSC

| | |
|---|---|
| DENVER GLOBAL PRODUCTS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> ROGER LEON, KEITH PIERCY, and JEANNE HENDRIX, <br><br>  Defendants and Counterclaim/ Third Party Plaintiffs, <br><br> v. <br><br> CHONGQING RATO POWER CO., LTD., CHONGQING RATO POWER MANUFACTURING CO., LTD., CHONGQING RATO TECHNOLOGY CO., LTD., ZHU LIEDONG, LARRY QIAN WANG, JIN XIANG, MICHAEL PARKINS, GODWIN LENG, and RATO NORTH AMERICA, INC. <br><br>  Third Party Defendants. | **ORDER GRANTING CONSENT MOTION OF THIRD-PARTY DEFENDANT CHONGQING RATO POWER CO., LTD. TO ENFORCE SUPERSEDEAS BOND** |

**THIS MATTER** comes before the Court on the Consent Motion of Third-Party Defendant Chongqing Rato Power Co., Ltd. To Enforce Supersedeas Bond. [D.E. 70]. Pursuant to Rule 65.1 of the Federal Rules of Civil Procedure, Chongqing Rato Power Co., Ltd. ("Rato Power")[1] seeks to enforce liability on the supersedeas bond posted by Defendants' surety, Great American Insurance Company (the "Surety"), for the amounts owed under this Court's July 16,

---

[1] Rato Power's name has been changed to Chongqing Rato Group Holding, Co. Ltd. [D.E. 21-9].

2018 order and judgment, together with accrued interest through the date of payment. The Court finds as follows:

1. On July 16, 2018, this Court entered an order and judgment in favor of Rato Power and its affiliated third-party defendants (together, the "Rato Parties"). [D.E. 49 & 50]. That judgment included a monetary judgment against Leon in accordance with this Court's confirmation of two arbitration awards in favor of Rato Power by the Chongqing Arbitration Commission (the "Commission").

2. The two awards required Leon to reimburse Rato Power for its attorney fees and other fees related to the arbitration. With respect to the arbitration award concerning the parties' "Equity Agreement," the Commission awarded Rato Power attorney fees in the amount of RMB 350,000 and arbitration fees in the amount of RMB 294,500.[2] [D.E. 23-6]. For the arbitration award concerning the parties "Joint Venture Agreement," the Commission awarded Rato Power attorney fees in the amount of RMB 850,000 and arbitration fees in the amount of RMB 627,500. [D.E. 23-7].

3. Defendants appealed and then moved to stay the judgment's enforcement pending their appeal. [D.E. 61]. Defendants posted a supersedeas bond in the amount of $330,000 [D.E. 62], and the Court granted their motion to stay enforcement. [D.E. 63].

4. The Fourth Circuit has issued an opinion and judgment fully affirming this Court's rulings. [D.E. 68]. The Fourth Circuit's mandate has issued [D.E. 69], which automatically lifts the stay of enforcement.

---

[2] The awards were issued in the official currency of the People's Republic of China, known as the renminbi (abbreviated as RMB).

5. Under Rule 65.1, a prevailing party on an appeal may initiate summary proceedings against a surety to enforce its liability on a supersedeas bond. Here, the amount owed on the judgment, after converting it to U.S. dollars and including accrued interest, exceeds the Surety's bond amount of $330,000—thus, the Surety should be directed to pay the full amount to Rato Power.

6. Converting the judgment to an amount in U.S. dollars requires application of the exchange rate as of the date when the arbitration awards were issued. EGI-VSR, LLC v. Coderch Mitjans, 963 F.3d 1112, 1122-24 (11th Cir. 2020). The two awards in this case were issued on November 9, 2016. Based on the exchange rate of RMB to US dollars on that date, the Commission's total award of RMB 2,122,000 is $313,122.52. [D.E. 71].

7. In addition to this amount, Rato Power is entitled to pre-judgment and post-judgment interest. The pre-judgment interest accrues at the North Carolina statutory legal rate of 8%. See N.C. Gen. Stat. § 24–1 (2016); Montero v. Bank of Am. Long-Term Disability Plan, No. 315CV00519RJCDSC, 2016 WL 7444957, at *7 (W.D.N.C. Dec. 27, 2016). The amount of pre-judgment interest that accrued at this rate, calculated simply (without compounding interest), between the date of the awards and the judgment is $42,138.57.

8. The post-judgment interest should be calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a). Likewise, "[i]nterest shall be computed daily to the date of payment . . . and shall be compounded annually." 28 U.S.C. § 1961(b).

9. Here, the post-judgment interest rate is 2.36% for the applicable week of July 13, 2018 (the week preceding the judgment). [D.E. 71-2]. The amount of post-judgment interest that has accrued at that rate from July 16, 2018 through July 16, 2020 is $16,966.19. Post-judgment interest will continue to accrue at $24.07 per diem until paid.

10. Adding the pre-judgment interest of $42,138.57 and post-judgment interest of $16,966.19, the total amount owed on the judgment as of July 16, 2020 is $372,227.28. [D.E. 71-3]. This amount exceeds the Surety's bond amount of $330,000. Accordingly, the Surety is obligated to pay Rato Power the full amount of its bond in partial satisfaction of the judgment.

11. Defendants have consented to the Motion and the enforcement of the full supersedeas bond posted by the Surety. Rato Power served the Surety with the Motion through service on the Clerk of Court, pursuant to Rule 65.1.

Based upon these findings, the agreement of the parties and for good cause shown, **IT IS HEREBY ORDERED** that Rato Power is entitled to enforce the supersedeas bond against the Surety in the amount of $330,000 and the Surety shall immediately pay such amount to Rato Power. To this extent, the Consent Motion to Enforce Supersedeas Bond, [D.E. 70], is **GRANTED**.

Signed: August 17, 2020

Max O. Cogburn Jr.
United States District Judge

WITH CONSENT:

s/ Douglas M. Jarrell
Douglas M. Jarrell
N.C Bar No. 21138
djarrell@robinsonbradshaw.com

Stuart L. Pratt
N.C. Bar No. 43139
spratt@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, NC 28246-1900
(704) 377-2536

*Attorneys for Plaintiff Denver Global Products, Inc. and Third-Party Defendants Chongqing Rato Power Co., Ltd., Chongqing Rato Power Manufacturing Co., Ltd., Chongqing Rato Technology Co., Ltd., Zhu Liedong, Larry Qian Wang, Jin Xiang, Godwin Leng, and Rato North America, Inc.*

AND

/s/ William R. Terpening
William R. Terpening
N.C. Bar No. 36418
terpening@terpeninglaw.com

TERPENING LAW PLLC
221 West 11th Street
Charlotte, NC 28202
 (980) 265-1700

*Attorneys for Defendants Roger Leon and Keith Piercy*